UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEIFLAN B. KELLEY,                         )
                                           )
                      Plaintiff,           )
                                           )
v.                                         )         Case No. 19-2278-JAR
                                           )
TRAVIS WRIGHT, et al.,                     )
                                           )
                      Defendants.          )


## ORDER

Keiflan B. Kelley, proceeding pro se, brings this action against Atchison County

Sheriff Jack Laurie, Travis Wright,[1] the Atchison County Jail, and Atchison County,

Kansas asserting claims arising out of his incarceration in the Atchison County Jail on

February 21, 2019.  A liberal reading of Kelley's complaint suggests he is claiming a

violation of his rights under the Fourth Amendment regarding the use of excessive force

and a violation of his rights under the Eighth Amendment concerning conditions of his

incarceration.  Defendants have filed a motion to stay discovery (ECF No. 9) pending a

ruling on their motion for judgment on the pleadings (ECF No. 7).  Plaintiff has not filed a

---

[1] It is unclear to the court who Travis Wright is or what role plaintiff alleges he
played in the facts underlying this lawsuit.

response to the motion to stay discovery, and the time for doing so under D. Kan. R. 6.1(d) has run.[2]  The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion.  Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[3]  But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[4]  The decision whether to stay discovery rests in the sound

---

[2] Plaintiff is no longer in the custody of the Atchison County Jail, which is listed as his address of record on the court's docket.  Although plaintiff has violated D. Kan. Rule 5.1(c)(3) by failing to update his contact information on the docket, defense counsel has certified that he served a copy of the motion on plaintiff at both the jail and at plaintiff's suspected address, 930 S. 7th, Atchison, KS 66002.  ECF No. 11.  Thus, as both a practical and legal matter under Rule 5.1(c)(3), plaintiff is deemed to have notice of the motion.

[3] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved,

discretion of the district court.[5]   As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.   The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendants' dispositive motion.   The individual defendants assert qualified and Eleventh Amendment immunity in the motion for judgment on the pleadings.   Defendants are generally entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6]   "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[7]   The Supreme Court has made it clear that until the threshold question of immunity is resolved,

_____

discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original))).

[5]*Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[6]*Siegert*, 500 U.S. at 232–33.

[7]*Id*. at 232; *see also Gallegos v. City and Cnty. of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability." (citing *Harlow*, 457 U.S. at 817–18)).

discovery should not be allowed.[8]  In addition, the court finds that a ruling on the dispositive motion could narrow or terminate this case, making discovery at this point wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)    The motion to stay is granted.

2)    All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3)    Within 14 days of the ruling on the pending motion for judgment on the pleadings, the pro se plaintiff and counsel for any party remaining in the case shall confer and submit a Rule 26(f) planning-meeting report to the undersigned's chambers.

The Clerk of Court is directed to mail copies of this order to the pro se plaintiff at both his address of record and at 930 S. 7th, Atchison, KS 66002.

Dated September 27, 2019, at Kansas City, Kansas.


　s/ James P. O'Hara　　　　
James P. O'Hara
U.S. Magistrate Judge

---

[8]*Siegert*, 500 U.S. at 233 ("The entitlement is an *immunity from suit* rather than a mere defense to liability. . . ." (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original)).

ˇ4ˇ